**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 22-20073 (JJT) |
| | ) | | |
| LUCAS J. MATLOCK, | ) | | |
| DEBTOR. | ) | CHAPTER | 7 |
| | ) | | |

**MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO REDEEM**

Before the Court is the Debtor's Motion to Redeem dated August 2, 2022 (ECF No. 38) a 2022 Ford F350 Crew Cab XLT ("Subject Vehicle") from Ally Bank ("Lender") for the payment of $46,487.00.[1]  This matter was tried by the Court on December 12, 2022 upon the parties' arguments, the Lender's Motion in Limine (ECF No. 59) and testimony each from the Debtor and the Lender's expert vehicle appraiser, James Acabbo.  The Debtor introduced into evidence merely one full exhibit (Debtor's Exhibit 1), an undated, unsigned proposed reaffirmation agreement (the "Reaffirmation Agreement") allegedly generated by the Lender for the Debtor on or about March 13, 2022.  It proposed, in effect, a full reaffirmation of the secured debt ($94,538.20) by the Debtor, and also stated, in a separate paragraph, that the value of the Subject Vehicle collateral was $46,487.00.  *See* Debtor's Exhibit 1, Part I, Items B and E, respectively.  There was no evidence presented that the Reaffirmation Agreement was dated, signed by the Lender, definitively offered or otherwise not subject to further negotiation or consideration by either party.  In his alleged reliance on this statement of $46,487.00 collateral value, the Debtor claims to have accepted the Lender's "offer" to redeem at that price.  No evidence was otherwise adduced by the Debtor that there was any such independent offer, that it was accepted on or about the time the Reaffirmation

---

[1] The Debtor obtained a discharge on May 18, 2022 (ECF No. 25) and this case closed on June 2, 2022 (ECF No. 28) only to be reopened on June 17, 2022 to hear this Motion (ECF No. 36).

Agreement was generated or that it would be the payout collateral value associated with any proposed redemption, an entirely different bankruptcy process. In considering the probative value of Debtor's Exhibit 1 and his related testimony, the Court does not find the testimony of the Debtor characterizing the current collateral value at $46,487.00 to be weighty, accurate or reliable evidence of the redemption value of the Subject Vehicle. Importantly for these proceedings, the parties have agreed upon the record, based upon the plain language of 11 U.S.C. §§ 722 and 506 that the replacement value of the Subject Vehicle at the date of the filing of the bankruptcy petition is the relevant valuation metric. ECF No. 64.

In contrast to the Debtor's meager proof of purported collateral value, the Lender has adduced the details of the purchase transaction, including the vehicle's attributes and options and for a purchase price of $94,268.62, most which was to be financed by the Debtor. *See* ECF No. 43-2. This transaction closed on February 7, 2022 — a mere two days later, the Debtor filed his bankruptcy petition. In that filing for relief, the Debtor's sworn statements contained in his Schedule A/B and again in his Schedules C and D (collectively, the "Bankruptcy Schedules") each attest, under penalty of perjury, that the value of the Subject Vehicle is $71,125.00.[2] He has even done so in the Affidavit (ECF No. 38, the "Redemption Affidavit")) filed in connection with his Motion to Redeem, stating unequivocally, ". . . the [Subject Vehicle] . . . had a fair market range of $58,655 to $71,429 . . . ." Notwithstanding these prior sworn affirmations to this Court and to his creditors, at trial the Debtor disingenuously and unabashedly testified that he had no other basis to value the Subject Vehicle at anything other than the $46,487.00 "valuation" contained in the unsigned Reaffirmation Agreement which he rejected.

---

[2] The Court has taken judicial notice as such upon the record of the hearing.

In contradistinction to the Debtor's direct case, the Lender adduced at trial an expert report (Lender's Exhibit 1) and live expert vehicle appraisal opinion testimony concluding that the Subject Vehicle's replacement value was $98,245.33 as of the date of the appraisal (and, possibly, slightly more on the date of the bankruptcy petition). The expert's testimony was based upon his in person physical inspection of the vehicle's condition (ECF No. 57), the contract purchase price, the Subject Vehicle's attributes and options and market supply and demand during the relevant period along with an analysis of supporting comparable retail sales. Although Debtor's counsel cross-examined the Lender's expert, that examination failed to dilute the credibility, weight, substance and reliability of that opinion.

The Court notes that the Debtor's position is severely undermined by his own judicial admissions contained in his referenced Bankruptcy Schedules and supporting Redemption Affidavit. His flawed, shifting and insubstantial personal opinion of replacement value is founded exclusively on a value (ostensibly mistaken or not definitive) that the Lender provided in the proposed Reaffirmation Agreement.

The Court finds that the Debtor's testimony is self-serving and sly gamesmanship endeavoring to achieve a windfall bargain by redeeming the Subject Vehicle for a value of $46,487.00, when he indisputably purchased it for $94,268.62 two days before the filing of his bankruptcy petition. He would have this Court believe, without substantiation, that this high demand premium vehicle had remarkably depreciated over fifty (50) percent in less than two days in a vehicle market characterized by scarce supply, high demand and delays in production and delivery of comparable vehicles.

While, in this context, the Court makes no findings as to the Lender's allegations regarding the Debtor's intent to defraud creditors at the time of the transaction, it does note that the Debtor

has done his best to avoid payments, making but one monthly payment on the Subject Vehicle over the course of his ownership. He has also been involved in at least three (3) post-petition accidents that have damaged the vehicle.[3] The Debtor has unapologetically endeavored to use those accidents to diminish the Subject Vehicle's value, notwithstanding his counsel's unequivocal acknowledgement that the collateral value inquiry here must be answered as of the date of the petition. That offer of proof (Proposed Debtor Exhibits 2 and 3), excluded from the trial, has no bearing on this valuation. Similarly, an alleged "offer" for the vehicle by CarMax, to establish a current value (Proposed Debtor Exhibit 4) was excluded by the Court for lack of foundation, relevance and failure to establish it as a learned treatise or industry guide that might avoid the hearsay rules.

The record is clear that the Debtor barely met his burden of presenting this Motion to Redeem — it is also clear that he utterly failed to meet his burden of proof by a preponderance of the evidence (*see In Re Herrera*, 454 B.R. 559, 561 (Bankr. E.D.N.Y 2011) (noting that the party seeking redemption bears the burden of proving the appropriate redemption value by a preponderance of the evidence) in determining a valuation of the Subject Vehicle. Neither party disputed that the Debtor bore the burden of proving the appropriate redemption value. The record is also bereft of probative evidence that the vehicle was used for "personal, family, or household use," another essential element of the Debtor's burden of proof under 11 U.S.C. § 722. To the contrary, Debtor's counsel emphasized during the trial's opening arguments that the acquisition of the Subject Vehicle was essential to support the Debtor's chiropractic practice so he might move his equipment in the provision of his services.[4] Debtor's post-trial assertion that it is his "only"

---

[3] The Court granted a Motion in Limine and excluded the Debtor's proffered documents (Proposed Debtor Exhibits 2 and 3) in that regard.
[4] The Bankruptcy Schedules also reveal that the Debtor owns three businesses and has substantial business debt with those limited liability companies as co-debtors.

vehicle does not repair this failure of proof. While the proof on this issue was not directly placed at issue by the Lender, the absence of this prerequisite element of proof to support a necessary finding by this Court is also determinative of the outcome of this dispute.

In addition, during the hearing, the Lender argued that the Debtor's Motion was untimely because he failed to timely perform his statement of intention under 11 U.S.C. § 521(a)(2) by waiting to file a motion to redeem the Subject Vehicle until after the meeting of creditors had closed, the Chapter 7 discharge had entered, the automatic stay had terminated, and the case had closed. Section 521(a)(2) of the Bankruptcy Code states:

> (a) The debtor shall—
> . . .
>> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
>>
>>> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and
>>>
>>> (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;
>>>
>>> except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h) . . . .

11 U.S.C. § 521(a)(2). In other words, the debtor generally must move to redeem property within 30 days after the debtor files their statement of intention with respect to the collateral securing consumer debts. *See* 6 Collier on Bankruptcy P 722.05 (16th 2022). Several bankruptcy courts have held that this time period is not an absolute deadline for redemption, but acts as more of a

guideline, since the Code does not contain language that expressly terminates a debtor's right to

redeem under 11 U.S.C. § 722 upon failure to do so within the time limits set forth in 11 U.S.C. §

521(a)(2)(A) and (B).  *See, e.g., In re Herrera*, 454 B.R. 559, 565 (Bankr. E.D.N.Y. 2011)

(collecting cases) (disagreeing with *In re Buck,* 331 B.R. 322, 326 (Bankr. N.D. Ohio 2005) and

holding debtor's failure to timely file motion to redeem terminated automatic stay under 11 U.S.C.

§ 362(h) but did not extinguish debtor's right to redeem); *In re Militante*, No. 08-45077 TK, 2009

WL 779798, at *3 (Bankr. N.D. Cal. Feb. 6, 2009) (debtor retained right to redeem notwithstanding

failure to comply with 11 U.S.C. § 521(a)(2)(A)); *In re Steinhaus*, 349 B.R. 694, 708 (Bankr. D.

Idaho 2006) (creditor was entitled to order confirming that stay had terminated, but was not entitled

to order directing debtors to turn over vehicle even though debtors had not timely redeemed vehicle

or entered into reaffirmation agreement, but was simply remitted to its state law rights); *In re

Hawkins*, 136 B.R. 649, 651 (Bankr. W.D. Va. 1991) (allowing debtor to exercise right of

redemption post-discharge); *In re Cassell*, 41 B.R. 737, 739 (Bankr. E.D. Va. 1984) (allowing

debtor to exercise right of redemption post-discharge).  At least one other court has held that the

termination of the stay under 11 U.S.C. § 362(a) extinguishes a debtor's right to redeem under 11

U.S.C. § 362(a). *See In re Buck,* 331 B.R. 322, 326 (Bankr. N.D. Ohio 2005).  Despite this apparent

split in positions among bankruptcy courts, the Second Circuit Court of Appeals has not directly

spoken on this issue.  Notwithstanding these rulings, this Court need not squarely address this issue

as it has denied the Debtor's requested relief on the merits, after a hearing.

Further, in connection with the filing of his bankruptcy petition on February 9, 2022, the

Debtor filed a Statement of Intention to retain and pay for the Subject Vehicle — he never amended

that affirmation, nor has he complied with its terms.  ECF No. 13.  The Lender has requested

ancillary relief to accompany the denial of the Motion to Redeem as provided in 11 U.S.C. §§

105(a) and 521. Under these circumstances, the Court may exercise its discretion and direct the Debtor's immediate surrender of the collateral (here, the Subject Vehicle). The Lender has satisfied the Court that such relief is appropriate and such cause exists. That extraordinary and potentially harsh relief is also in order as a matter of urgency, as the Subject Vehicle has been subjected to damage and the Debtor has enjoyed its continued use for more than nine (9) months after his statement without the making of any periodic payments (save for that payment previously discussed). 11 U.S.C. § 105(a). The Debtor enjoyed such use without the ostensible financial ability to make the monthly payments (of $1776.03) or to accomplish the redemption.

Accordingly, the Debtor's Motion to Redeem is **DENIED** for the reasons stated herein. The Debtor is ordered, directed and commanded to immediately surrender the Subject Vehicle to the lender at or before a time and location it shall promptly designate. This direction may be enforced under potential penalty of the Court's imposition of a contempt citation and other sanctions. Any stay associated with this decision is waived for cause. Further, this Chapter 7 case is to remain open and any further related matters will be subject to the jurisdiction of this Court until the Lender certifies compliance with this Decision and the Court, upon notice, hears and rules upon any motion for legal fees and expenses (or related relief) that the Lender files upon the Docket within thirty (30) days hereof.

Nothing in the Bankruptcy Code, including the automatic stay, shall prevent or limit the operation of a provision in the underlying financing documents that would place the Debtor in default or prohibit the exercise of Lender remedies to repossess and sell the Subject Vehicle applying sale proceeds to its indebtedness.

Dated at Hartford, Connecticut this 13th day of December 2022.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut